# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

HARTLAND LAKESIDE JOINT NO. 3
SCHOOL DISTRICT, on its own behalf
and on behalf of all others similarly
situated, et al.,

      Plaintiffs,

    v.                              Case No. 12-C-154

WEA INSURANCE CORPORATION, et al.,

      Defendants.

## ORDER GRANTING PLAINTIFFS' PETITION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b) OF ORDER DENYING MOTION TO REMAND

## I.  BACKGROUND

The plaintiffs allege that the defendants wrongfully applied for and withheld federal funds from the Early Retiree Reinsurance Program ("ERRP"), 42 U.S.C. § 18002.  The plaintiffs assert that the funds rightfully belong to them and that the defendants' actions resulted in conversion, civil theft, unjust enrichment, and a breach of fiduciary duties owed to the plaintiffs, all in violation of Wisconsin state law.

The plaintiffs filed this case in the Waukesha County Circuit Court on January 20, 2012, and the defendants removed the case to federal court on February 14, 2012, based on federal question jurisdiction conferred by 28 U.S.C. § 1331.  The plaintiffs then filed a motion to remand, which the court denied in its order dated April 24, 2012 ("April 24, 2012 Order").

The court found in its April 24, 2012 Order that federal question jurisdiction exists based on *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), which provides a

narrow category of cases that present federal questions despite asserting only state-law claims when the state-law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. The April 24, 2012 Order fully discusses the court's finding that the federal issues are embedded in and necessary to the plaintiffs' state-law claims. The court therefore denied the plaintiffs' motion to remand.

On May 1, 2012, the plaintiffs filed a petition for certification under 28 U.S.C. § 1292(b). The petition has been fully briefed and is now ready for resolution. For the reasons that follow, the court will grant the plaintiffs' petition for certification under 28 U.S.C. § 1292(b) of the order denying the plaintiffs' motion to remand.

## II. DISCUSSION

Section 1292(b) provides that a district court may certify for immediate appeal interlocutory orders entered in civil cases that present a "controlling question of law" whose resolution would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis original). Additionally, "the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id*. "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section

2

1292(b)." *Id*.[1]

The plaintiffs seek certification of the court's April 24, 2012 Order, which denied the plaintiffs' motion to remand based on federal question jurisdiction. Specifically, the plaintiffs disagree with the court's finding of federal question jurisdiction because the action "arises under" federal law. They seek an early resolution of this issue by the Seventh Circuit before litigation continues.

## A. Question of Law

The phrase "question of law" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. An interlocutory appeal is therefore only proper when the contested issue is "a 'pure' question of law," which "means an abstract legal issue," not "merely an issue that might be free from a factual contest." *Id*. at 677. "[I]f a case turn[s] on a pure question of law, something the court of appeals c[an] decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id*. at 677.

The plaintiffs seek review of the court's decision finding federal question jurisdiction. To determine whether a case alleging only state-law claims "arises under" federal law, a court must look to the plaintiff's well-pleaded complaint and evaluate whether the "complaint established that [the plaintiff's] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 13 (1983). The Seventh Circuit need not delve into the facts of the case beyond the well-pleaded complaint to answer the question that the plaintiffs seek to certify. Instead, the Court of

---

[1] The plaintiffs filed their petition seeking certification seven days after the court issued its April 24, 2012 Order. Thus, the court finds that this requirement is met.

Appeals need only review the complaint, the court's April 24, 2012 Order, and the relevant case law,

statutes, and regulations to decide whether federal question jurisdiction exists.

The court therefore finds that the plaintiffs' request for certification presents a pure question of

law that the Court of Appeals can decide quickly and cleanly without needing to study the record. Thus,

the plaintiffs meet this first element required for certification under 28 U.S.C. § 1292(b).

## B. Controlling

"A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further

course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-*

*Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).

The parties in this case are not diverse. Thus, if the Seventh Circuit disagrees with this court and

finds that federal question jurisdiction does not exist, the case will be remanded to state court. If the

court is correct in finding federal question jurisdiction, then the case proceeds through final judgment

with this court. Thus, the question of law is controlling because it will affect the further course of

litigation.

## C. Contestable

An issue is contestable if there is a "substantial ground for difference of opinion." 28 U.S.C.

§ 1292(b). To support their assertion that a substantial ground for difference of opinion exists, the

plaintiffs cite several court decisions that have applied *Grable* and rejected federal jurisdiction. The court

will first address *Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007), which is the most

relevant case for our purposes.

In *Bennett*, as discussed in this court's April 24, 2012 Order, the Court of Appeals reversed the

district court's finding of federal jurisdiction mainly "[b]ecause the case was confined to factual

4

questions, not the meaning of federal statutes and regulations . . . ." (April 24, 2012 Order, ECF No. 16.)

This court distinguished *Bennett* from the present case because "the meaning of federal statutes and

regulations play an important role" in this case. (April 24, 2012 Order, ECF No. 16.) Of particular

importance, however, is that the issue in *Bennett* was presented to the Court of Appeals because Judge

Kocoras certified for interlocutory appeal his orders denying remand. The plaintiffs cite to Judge

Kocoras's opinion as support for granting their petition.

In *Bennett v. Southwest Airlines Co.*, No. 06 C 317, 2006 U.S. Dist. LEXIS 47774, at *3 (N.D.

Ill. July 13, 2006), Judge Kocoras granted the plaintiffs' petition for certification under 28 U.S.C.

§ 1292(b), and certified two previous orders that denied the plaintiffs' motions for remand. In the earlier

orders, Judge Kocoras concluded that federal question jurisdiction existed in the case "either because of

the federal issues embedded in and necessary to the Plaintiffs' state-law claims or because federal statutes

and regulations pertaining to takeoffs and landings of flights such as [the flight at issue in the case]

preempt any concurrent state-law control of the same issues." *Id*. at *7. Judge Kocoras granted the

plaintiffs' petition for certification stating the following:

> For the reasons articulated on the record, we are of the opinion that this case fits within
> the *Grable* construct, and the exercise of jurisdiction will not upset the apple cart of
> caseload allocation between the federal and state courts. Plaintiffs present plausible
> arguments to the contrary and cite to other cases that have examined the effect of *Grable*
> in cases involving plane crashes that did not occur during a scheduled takeoff or landing.
> These cases, though factually distinguishable in a crucial regard from the cases before us,
> and the significantly limited nature of this jurisdictional basis, are sufficient to establish
> a substantial ground for difference of opinion on the presence of embedded issue
> jurisdiction.

*Id*. at *7–8 (internal citations omitted).

Like Judge Kocoras, I find that the present case fits within the narrow framework provided in

*Grable*. I also find that allowing this case to proceed in federal court will not disrupt the distribution of

5

federal and state judicial responsibilities, or as Judge Kocoras puts it, "will not upset the apple cart of

caseload allocation between federal and state courts." *Id*. at *7.  Additionally, like the plaintiffs in

*Bennett*, the plaintiffs in this case have presented several cases that examined the effect of *Grable* and

rejected federal jurisdiction.  *See*, *e.g.*, *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677

(2006); *Kenosha Unified Sch. Dist. v. Stifel Nicolous & Co.*, 607 F. Supp. 2d 967 (E.D. Wis. 2009);

*Century Tel of Fairwater-Brandon-Alto, LLC v. Charter Fiberlink, LLC*, 588 F. Supp. 2d 968 (W.D. Wis.

2008); *Finch v. Wisconsin Auto Title Loans*, *Inc.*, 586 F. Supp. 2d 1070 (E.D. Wis. 2008); *McCormick

v. Excel Corp.*, 413 F. Supp. 2d 967 (E.D. Wis. 2006); *Wisconsin v. Abbott Labs.*, 390 F. Supp. 2d 815

(W.D. Wis. 2005).  Although this court found these cases distinguishable from the facts and applicable

law in this case,[2] it nonetheless acknowledges that differences of opinion exist as to the nature of

embedded issue jurisdiction

Based on the differing opinions presented by the cases cited by the plaintiffs, and also on the

"significantly limited nature of this jurisdictional basis," the court finds that a substantial ground for

difference of opinion does exist.  The court therefore finds that the plaintiffs have met the third element

necessary for certification.

**D.  Will Resolution of the Question of Law Speed Up the Litigation?**

The fourth requirement that the resolution of the question of law would speed up the litigation

means that "resolution of a controlling legal question would serve to avoid a trial or otherwise

substantially shorten the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir.

---

[2]  The court notes that the cases cited by the plaintiffs in *Bennett* related directly to plane crashes and the laws applicable in such circumstances.  The cases cited by the plaintiffs in the present case discuss various interpretations of *Grable*'s applicability, but do not specifically apply to the facts of this case.  In fact, the plaintiffs have not cited any cases addressing *Grable*'s application to the statute and regulations implicated in this case and the court has been unable to find any such cases.

2004).

Requiring the parties to litigate the case in federal court before seeking review by the Seventh Circuit of this court's order may have the ultimate effect of extending the litigation. If the Seventh Circuit finds that this court lacks subject matter jurisdiction, then litigation in federal court ends and the parties proceed before the state court. On the other hand, withholding a determination on subject matter jurisdiction until after the parties fully litigate the case before this court has the potential to greatly extend the final resolution of the case and cause duplicative proceedings. Why wait until final resolution of the case in federal court to learn that this court had no jurisdiction to hear the case in the first place?

If, on the other hand, the Court of Appeals affirms this court's decision, then the parties have been delayed for a short time period and one potentially appealable issue will have been disposed of. Thus, I find that granting the certification at this stage of the proceedings will ultimately speed up the litigation. The plaintiffs have therefore met the fourth requirement for certification under 28 U.S.C. § 1292(b).

**E. Conclusion**

For the reasons stated above, the plaintiffs are able to meet the elements required for an interlocutory appeal. The court will therefore certify its April 24, 2012 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**NOW THEREFORE IT IS ORDERED** that the plaintiffs' petition for certification pursuant to 28 U.S.C. § 1292(b) be and hereby is **GRANTED**.

**SO ORDERED** this 16th day of May 2012, at Milwaukee, Wisconsin.

> **BY THE COURT:**
>
> s/ William E. Callahan, Jr.
> WILLIAM E. CALLAHAN, JR.
> United States Magistrate Judge

7